*152
 
 PeaRSON, C. J.
 

 The object of the bill is to have the land and negroes put into the possession of the
 
 feme
 
 plaintiff, so as to let her have the use of the property for the purpose of carrying on a farm, without the control and superintendence of the trustee, and the equity is put on the ground, that she would thus be furnished with a comfortable home, and her support and maintenance be better provided for than by allowing the property to continue under his management. The defendant has filed a demurrer, and, in support of it, urges: that if the property is put into the possession of the feme plaintiff, it would, as matter of course, be subject to the control and management of her husband, the other plaintiff, and thereby defeat the purpose of the trust, and be in direct violation of the expressed directions of the testator.
 

 It is clear, from a perusal of the will, that the testator did not intend that the property, the use of which is given to his daughter, should, in any event, be -subject to the control of Oox; for this reason, he gives the property to his son, so that it may be under
 
 his
 
 management; and, to remove all room for doubt, he sets out, in so many words, that he does so, because “hehas no confidence whatever in E. A. Cox, the husband of his daughter.”
 

 In respect to the land, he relaxes, in some degree, and gives to his son a discretion
 
 “
 
 either to let his sister live on the place, or rent it out,” but this restricted discretion tends to show, the more plainly, that in regard to the negroes, there was to be no discretion, and his son was to keep them under his exclusive management. So, it is manifest, that the object of the bill is in direct contravention of the trusts declared by the testator. See how it would operate. Suppose, instead of merely permitting his sister to “ live on the place,” which is within his discretion, the trustee should be required, by a decree of this Court, to let his sister have possession of the plantation and the negroes also ; it would then become necessary, in order to carry on the farm, that horses, cattle, farming utensils, &c., should be provided, and as she is under the control
 
 *153
 
 of her lmsband, it would follow that the entire management and control of the concern wonld fall into his hands.
 

 A testator has a right to give his property with such restrictions, and upon such terms, as he sees proper, and the courts are bound to carry his intention into effect,-unless .there be something in the trusts unlawful and.against public policy. So that, so far from showing an equity, the plaintiffs, on their own showing, have none.
 

 We deem it unnecessary to refer to any • authority, aud put our decision upon the peculiar circumstances growing out of the special provisions of this will.
 

 Pee Curiam, Bill dismissed.